## Lawton Sand & Supply Co. v. Stone.

(Decided May 16, 1911)

### Appeal from Carter Circuit Court.

1. Master and Servant—Injury to Servant by Negligence of Fellow Servant—Care of Master in Selecting Servants—As a general rule the master is not liable to a servant who receives an injury by reason of the negligence of a fellow servant, but he is bound to use ordinary or reasonable care in selecting his servants, and if he fails to do this and places an inexperienced and incompetent servant to labor with another who does not know of his incompetency or inexperience the master is liable if the servant is injured by reason of the inexperience or incompetency of the other.

2    Same—Risks Incident to Employment—Assumption . by Ser-
vant—A servant employed in turning a hand drill in a rock
quarry while a helper was striking it with a large hammer, as-
sumes all the ordinary risks incident to his employment, and
if the striking of the servants' arm, by his assistant with the
hammer was a risk ordinarily incident to the work he was per-
forming, then he assumed the same and could not recover there-
for.

HENRY L. WOOD for appellant.

H. R. DYSARD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee brought this action against appellant for
$2,000.00 damages for personal injuries received while
working in a rock quarry, and recovered $250.00. At the
time of his injuries, appellee was turning a hand-drill
while another employe was striking it with a large ham-
mer. Appellee charged that this helper was employed
and furnished by appellant for the purpose of striking
the drill; that he was young, inexperienced, careless and
incompetent; that he (appellee) did not know it and that
appellant did, or by the exercise of ordinary care, could
have known it before furnishing him to strike the drill.
It was further alleged and proved that when this helper
was furnished, appellee became suspicious of his knowl-
edge of the work as he appeared to be young, and went to
Mr. Hancock, an owner and general manager of appel-
lant, and asked him about the striker's experience and
ability, and was assured by him that he was all right,
that he understood the work. It appears that appellee
began work and had been engaged for only a short time
when the helper undertook to strike the drill, but missed
it, struck appellee on the arm and bruised and broke it.
The testimony shows that this helper was at that time
only about fifteen years of age, but large for that age,
weighing nearly one hundred and eighty pounds; that
he had been employed at the rock quarry for some time in
shovelling dirt at the foot of the hill; that he had, at in-
tervals, struck drills, altogether six or eight hours; that
he was inexperienced and a mere boy; that one experi-
enced in striking a drill seldom missed it, and if he did he
had an art in controlling the hammer so as to miss the
person holding or turning the drill. Mr. Hancock, the
part owner and manager of appellant, testified that he

had no recollection of appellee coming to him and asking if Ruben Jessee, the helper, was a safe man to work with; that it did not require an experienced man to strike a drill; that he has seen Jessee strike drills before that in the quarry; that he never asked him how much experience he had in that kind of labor, and that he gave him no instructions with reference thereto.

The first instruction given by the court defined ordinary care, the second negligence, the third gross negligence, the fourth we copy:

"If the jury believe from the evidence that the plaintiff on or about April 9, 1909, while in the employment of defendants and while using ordinary care for his own safety was by reason of the gross negligence and carelessness of defendants in providing plaintiff with an unskilled, incompetent and inexperienced assistant to perform the work at which he was set if such assistant was unskilled, incompetent and inexperienced, and that by reason of such gross negligence and carelessness, if any, on the part of defendants in the employment of such assistant, plaintiff was struck by such assistant with a sledge or hammer and his arm broken, mashed, made crooked and permanently injured they will find for the plaintiff and assess the damages as much as they believe from the evidence will reasonably compensate him for the diminution of his power to earn money on account of said injury, if any, said finding, however, not to exceed the amount sued for, $2,000.00."

This instruction was prejudicial to appellee, as it required the jury to believe from the evidence that appellant was guilty of gross negligence and carelessness in furnishing an assistant to appellee who was unskilled, incompetent and inexperienced. The law in such cases is that if the master is guilty of ordinary negligence the servant should be allowed to recover. As a general rule the master is not liable to a servant who receives an injury by reason of the negligence of a fellow servant, but he is bound to use ordinary or reasonable care in selecting his servants, so if he fails to do this and places an inexperienced or incompetent servant to labor with another who does not know of his inexperience or incompetency, he is liable to the servant if he is injured by reason of the inexperience or incompetency of the other. Third Thompson on Negligence, 974; Am. & Eng. Ency.,

Vol. 12, 910, and Bell-Coggeshall & Co. v. Lewis, 28 Ky. Law Rep., 149, 89 S. W., 135.

The fifth instruction defined contributory negligence; the sixth had reference to the assumption of risk by appellee; and the seventh told the jury that if they did not believe from the evidence as set out in instruction number four, the one copied, they would find for appellant. No instruction was given authorizing the jury to find anything for appellee on account of loss of time, mental anguish or physical pain suffered or for expenses incurred by reason of his injuries, as there was nothing in the pleadings to support such an instruction. The court told the jury in instruction number five that if they believed from the evidence that appellee by reason of his own negligence contributed to his injuries to such an extent that but for such negligence he would not have been injured, they would find for appellant. We find no testimony tending to show that appellee was guilty of contributory negligence. The jury was further instructed that appellee assumed all the ordinary risks incident to his employment, and that if the striking of his arm by the assistant was a risk ordinarily incident to the work he was performing, then he assumed the same and could not recover.

After a careful consideration of the record, we find no error prejudicial to the substantial rights of appellant, and the judgment is affirmed.